### UNITED STATES v. E. W. BLISS CO.

(Circuit Court of Appeals, Second Circuit. October 7, 1915. On Reargument, December 14, 1915.)

#### No. 132.

On Reargument of Issue Relating to Double Regulation of Air.

UNITED STATES ☞70—CONSTRUCTION OF CONTRACTS—CONTRACT FOR MANUFACTURE OF TORPEDOES—RESTRICTIVE PROVISIONS.

A provision in a contract for the manufacture by defendant of torpedoes for the United States Navy that defendant should not "make use of any device, the design for which is furnished to it by [the United States] in any torpedo constructed or to be constructed for any person or persons, firms or corporations, or others, or for other governments," is not to be so narrowly construed as to exclude from its operation a material device adopted at the request of the government merely because no blueprint or working drawings were furnished, where it was so simple of construction that its indication on the drawings already furnished was sufficient to enable defendant to understand it.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 53; Dec. Dig. ☞70.]

Ward, Circuit Judge, dissenting.

On petition by defendant for rehearing. Granted.
For former opinion, see 224 Fed. 325, 139 C. C. A. 633.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. When the question as to the device for the compound regulation of air arose, the members of the court were so widely separated that oral consultation was out of the question. In the circumstances it was thought that the proper course to pursue was for the presiding judge to communicate by mail with the other members of the court, especially so as we understood both parties approved this course. However, as the defendant did not have an opportunity to be heard by this court upon the question of the inclusion in the decree of the device for the compound regulation of air, it seems to us proper that such opportunity should now be given. The question is in exceedingly narrow limits, and it seems to us that it can be treated more satisfactorily by submitting short written briefs; the defendant to have ten days to submit its views, and the plaintiff an equal time to reply. If, how-

ever, an oral argument is desired, we will arrange for a date some time in the near future.

As to the other grounds for a reargument set forth in the petition, the motion is denied.

On petition by defendant for rehearing and reargument of the issue relating to the double regulation of air.

Arthur C. Fraser, of New York City (Arthur C. Fraser, Frank H. Platt, and Robert H. Ewell, all of New York City, of counsel), for appellant.

Melville J. France, of Brooklyn, U. S. Atty., and Archibald R. Watson, of New York City, Sp. Asst. Atty. Gen. (John M. Harrington, of New York City, of counsel), for the United States.

COXE, Circuit Judge. The defendant's contention upon the issues now before the court, if successful, may result in rendering the entire decree abortive. It does not seem to be seriously disputed that if the defendant be permitted to make the device for the double regulation of air it cannot logically be enjoined from making the balanced turbine. The issue is more important, therefore, than a mere statement of it would indicate. The question, broadly stated, is whether the contract is to be so literally construed that no improvement, however simple in construction, suggested by the Bureau, can be regarded as belonging to the complainant unless a blueprint or working drawing has been furnished at or prior to giving the notice. It is clear that the contract should not be so strictly construed as to require the officers of the Bureau of Ordnance to do a vain and unnecessary thing. A common sense construction is all that is required. If the defendant is put in possession of all the facts so that misconception is impossible it should be sufficient. Of course where the proposed change involves a complicated structure or device a blueprint drawing or a model is necessary, but where the mechanical change is so simple that an ordinary artisan will know what to do the moment the change is directed, it is not perceived how any additional advice is necessary. If the ordnance officer directs the mechanic to make a valve an inch wider or add an additional valve, indicating the place where it is to be inserted, we do not think a blueprint is necessary to make plainer what is perfectly plain without it.

That the defendant's officers had due notice of the complainant's position as to the double regulation of air, and that they thoroughly understood it, is not disputed. No blueprint was furnished but the Bureau offered to furnish the defendant with cards and data obtained by experiments at the Torpedo Station for the information of the defendant if it desired and requested it. It did not request it. There can be no doubt that the defendant fully understood the government's contention regarding the necessity for a double regulation of air. There was no complaint that the Bureau's request for another valve was not fully understood. The defendant's sole objection seems to have been not that there was any difficulty in making the change but

that it would not accomplish the desired result. The defendant's vice president was asked and answered the following question:

"Q. In reference to the double air regulation, the Bliss Company finally adopted the double air regulator after it had been urged to do so by the Bureau and the Inspector of Ordnance at your works for some time, did they not? A. Yes, they did."

It seems obvious that the defendant clearly understood what was wanted by the Ordnance Bureau. It made no complaint of lack of details, asked for no additional information and opposed the scheme on the ground that in the opinion of defendant's experts the plan would not work.

Briefly the situation was practically this: The Bureau officers said to the Bliss Company's officer, "You need another valve, put it here" —indicating the place on the drawing or model where the second valve was to be inserted. This was done and with the result that the defect was remedied. Can it be that the complainant is to lose the benefit of this improvement because its agents did not go through the wholly inconsequential ceremony of furnishing a blueprint? The defendant had itself indicated when a similar situation arose with reference to the starting mechanism, that the mere suggestion by the Bureau of the use of a breaking tube which solved the difficulty, would have made that device the sole property of the complainant. We have only to substitute the words "an additional valve" for the words "breaking tube" and we have the opinion of the defendant itself that the device for the double regulation of air is the property of the United States. The defendant did not need a model or a blueprint to inform it where to place the second valve and does not now pretend that such information was asked for or was necessary any more than the blueprint of a breaking tube was necessary in the hypothetical case suggested by the defendant.

We think the decree as entered is correct and should not be disturbed.

WARD, Circuit Judge, dissents.